OPINION
{¶ 1} On February 13, 2006, at 10:00 p.m., Defendant Darren Sell's stepfather, Daniel Wennerholt, gave Defendant permission to borrow his car to drive to the hospital to visit his mother. Wennerholt specifically instructed Defendant to return the car in a couple of hours. Although Defendant subsequently called Wennerholt on both February 14 and 15, 2006, and was told each time to immediately return the car, Defendant did not return the car, and Wennerholt reported it stolen on February 16, 2006. In the early morning hours of February 17, 2006, Wennerholt recovered his vehicle after Dayton police had located it, in Defendant's possession.
 {¶ 2} Defendant was indicted on one count of unauthorized use of a motor vehicle for more than forty-eight hours, R.C. 2913.03(B), a felony of the fifth degree. Following a jury trial, Defendant was found guilty, and the trial court sentenced him to eight months in prison.
 {¶ 3} Defendant timely appealed to this court from his conviction and sentence. His appellate counsel filed an Anders brief, Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, claiming that he could not find any meritorious issue for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record.Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.
 {¶ 4} Defendant's appellate counsel has identified two potential issues for appeal, the first being whether Defendant was denied the effective assistance of his trial counsel.
 {¶ 5} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate that were it not for counsel's errors, the result of the trial would have been different. Id., State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 6} Defendant's appellate counsel has not identified any specific conduct on the part of trial counsel that constitutes deficient performance, and in reviewing this record we have not discovered any. Defense counsel negotiated a plea offer from the State that would have allowed Defendant to enter a no contest plea to a reduced charge of unauthorized use of a vehicle as a first degree misdemeanor, R.C.2913.03(A), with the sentencing being limited to time already served, in order to address Defendant's concerns about the effects of a felony conviction upon his probation in California. Nevertheless, Defendant rejected that plea offer and elected a jury trial. At the trial defense counsel, in selecting the jury, challenged some jurors for cause and excused others via peremptory challenge. Defense counsel vigorously cross-examined the State's witnesses and called witnesses on Defendant's behalf in an effort to show that the complaining witness/victim pressed charges against Defendant because he harbored bias and animosity against Defendant as a result of disagreements over Defendant's mother's care. On this record no deficient performance by trial counsel, much less resulting prejudice, is evident. This claim lacks arguable merit.
 {¶ 7} The other potential issue for appeal identified by appellate counsel is the application of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. Defendant was sentenced to a greater than minimum term for his offense. However, no transcript of the sentencing proceeding was filed, and we are therefore unable to determine whether the trial court made the required statutory sentencing findings prohibited byFoster. Because Foster had already been decided, we must presume that the trial court complied with Foster and imposed Defendant's sentences without making the prohibited findings.
 {¶ 8} In addition to reviewing the possible issue raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
BROGAN, J. And DONOVAN, J., concur.